**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31032
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ISAAC KITT,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CR-232-9)

August 19, 1998

Before WISDOM, DUHÉ, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Isaac Kitt was convicted of one count of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base, and two counts of the use of a communication facility in the commission of a drug felony in violation of 21 U.S.C. §§

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

843(b) and 846. He was sentenced to prison for 41 months, to be followed by three years of supervised release. Kitt appeals.

Kitt argues that the district court erred by permitting the Government to introduce evidence that he had previously been arrested for possession of cocaine with the intent to distribute. We review the trial court's admission of evidence for an abuse of discretion. United States v. Humphrey, 104 F.3d 65, 70 (5th Cir.), cert. denied, 117 S. Ct. 1833 (1997). We apply a two-pronged test to determine the admissibility of evidence under FED. R. EVID. 404(b). "First, the evidence must be relevant to an issue other than the defendant's character. Second, the evidence must have probative value that is not substantially outweighed by undue prejudice." United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996) (citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)), cert. denied, 118 S. Ct. 73 (1997). The evidence of Kitt's prior conviction tended to show his knowledge of the drug trafficking trade and his intent to engage in drug trafficking. The danger of the prejudice of this evidence was mitigated by the district court's cautionary instruction to the jury. The district court did not abuse its discretion by admitting this evidence.

Kitt also argues that the district court erred by refusing to grant a mistrial after the prosecutor impermissibly commented upon his exercise of his Fifth Amendment right to remain silent. "A statement violates the Fifth Amendment if the prosecutor

intended to comment on the defendant's failure to testify or if a jury would naturally and necessarily interpret the prosecutor's remarks in that light."  Montoya v. Collins, 955 F.2d 279, 286 (5th Cir. 1992) (internal quotation marks and citation omitted). We review the remarks in the context in which they occurred. Passman v. Blackburn, 797 F.2d 1335, 1346 (5th Cir. 1986).

The prosecutor made the following statements during closing argument:

> And [defense counsel] is a very good lawyer and he's a very charming person, but he can't sit back there with his client and hope we'll forget about him, because we won't.  This money right here was going home with Isaac Kitt, "One and a quarter for 75."  He left his beeper number on there.  So what do the agents do?  When they're trying to find him, what do they do?  They call that exact number that's listed to him, Isaac Kitt.  There is no doubt that the person that Michael Shorts was talking to and was taking this to and who had an ounce and a quarter of heroin was Mr. Isaac Kitt; Mr. Isaac Kitt, the West Bank dope dealer.
>
> And we've never said that Isaac Kitt was in the middle of this conspiracy; he was just on the edge of it.

R. 15, 850-51.  Taking the prosecutor's remarks in the content in which they occurred, we agree with the district court that the jury would not naturally and necessarily interpret those remarks as a comment on Kitt's failure to testify.  Given the prosecutor's statement that Kitt was not in the middle of the conspiracy, but was just "on the edge of it," we find that the prosecutor's statements were referring to Kitt's minor role in

the drug conspiracy and defense counsel's low profile at trial. A prosecutor may comment on the failure of the defense, as opposed to the defendant, to counter  or explain the evidence. See United States v. Borchardt, 809 F.2d 1115, 1119 (5th Cir. 1987).  There was no reference to Kitt's failure to testify.  The district court did not err by refusing to grant a mistrial.

The judgment of the district court is AFFIRMED.